R. Shawn Oller; AZ Bar No. 019233
soller@littler.com
Kristy L. Peters; AZ Bar No. 024756
kpeters@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:    602.957.1801

Attorneys for Plaintiff

Steven M. White; AZ Bar No. 020061
swhite@wbazlaw.com
WHITE BERBERIAN PLC
60 East Rio Salado Parkway, Suite 900
Tempe, AZ  85281
Telephone:    480.366.5933
Facsimile:    480.718.8368

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BEECHER CARLSON INSURANCE SERVICES, LLC, a California limited liability company,<br><br>             Plaintiff,<br><br>v.<br><br>DAVID DOTSON and JANE DOE DOTSON, husband and wife,<br><br>             Defendants. | Case No. 2:11-cv-02255-ROS<br><br>**PROPOSED JOINT CASE MANAGEMENT PLAN** |

Plaintiff Beecher Carlson Insurance Services, LLC ("Plaintiff") and Defendant David Dotson and Jane Doe Dotson ("Defendants") hereby submit the following Proposed Joint Case Management Plan pursuant to the Court's December 19, 2011, Court Order.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

1. **The nature of the case, including the factual and legal basis of plaintiff's claims and defendant's defenses.**

**PLAINTIFF**:

Plaintiff Beecher Carlson Insurance Services brings this action against its former employee, David Dotson, due to his breach of the Non-Solicitation and Confidentiality Agreement he executed while employed with Beecher Carlson. Dotson was a former employee of Alliance Insurance Brokers, Inc. ("Alliance Insurance"). On January 8, 2008, Beecher Carlson and its affiliates purchased the assets of Alliance Insurance and, at this time, hired certain former Alliance Insurance employees, including Dotson.

As an inducement for Beecher Carlson to employ him and provide him with its confidential information and trade secrets, Beecher Carlson presented Dotson with a Non-Solicitation and Confidentiality Agreement ("Agreement"). Dotson and Beecher Carlson negotiated the terms of the Agreement, and ultimately agreed to carve out certain specific customers who would not be subject to the Agreement. On January 4, 2008, Beecher Carlson and Dotson executed the Agreement, to be effective January 8, 2008. In the Agreement, Dotson agreed to maintain the confidentiality of Beecher Carlson's trade secrets and confidential information. He also agreed not to solicit any customer of Beecher Carlson for the purpose of selling the customer the insurance brokerage, risk management, or related consulting services that he provided to the customer on behalf of Beecher Carlson for a period of two years (or one year of the reviewing court believes two years is unenforceable).

On September 30, 2011, Dotson voluntarily resigned his position with Beecher Carlson. Upon information and belief, Dotson immediately began working at Nexus Partners Insurance Solutions ("Nexus"). Similar to Beecher Carlson, Nexus also sells insurance brokerage, risk management, or other related consulting services. In violation of the Agreement, Dotson began soliciting the customers that he worked with while employed with Beecher Carlson. Specifically, he solicited Pine Bluff, A.G.E. Consultants, Inc., The CORE Institute, dba Center for Orthopedic Research, Asbury Apartments, Roderick Colonnade, Karmichael Family, and The Orchards at Cherry Creek.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-

**DEFENDANT**:

Plaintiff employed as an insurance broker. On January 4, 2008, Defendant signed an agreement with Plaintiff, which contained numerous provisions including confidentiality and non-solicitation provisions. On September 30, 2011, Defendant resigned. Following his resignation, certain customers invited Defendant to discuss an ongoing business relationship, and some of these customers voluntarily decided to transition their business to Defendant's new employer (Nexus).

Defendant never "solicited" Plaintiff's customers. Defendant is not prohibited from notifying customers of his departure, and doing so, does not rise to the level of a solicitation. Defendant disputes that Plaintiff's has trade secret information and/or failed to maintain the information's secrecy, and to the extent that such information rises to trade secret level, that he misappropriated that information at any time during or after his employment with Plaintiff.

Defendant denies that he breached either the duty of good faith and fair dealing or duty of loyalty based on the foregoing reasons.

Plaintiff cannot prove its damages to a reasonable certainty, and therefore, are speculative and not recoverable. And there is no basis in law or fact to support a claim for punitive damages.

    2.    **A list of the elements of proof necessary for each count of the complaint and each affirmative defense and, if applicable, each counterclaim. For those claims in which the burden of proof shifts, the elements that the party must prove in order to prevail must be listed. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case, Ninth Circuit Court of Appeals case law, Arizona State case and statutory law, and other authority as dictated by the conflict of law rules).**

**PLAINTIFF**:

Breach of Contract

To prevail on a breach of contract claim, Plaintiff must prove (1) the existence of a valid contract; (2) the breach of a contractual obligation; and (3) damages suffered as a result of that breach. *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2005).

Breach of the Implied Covenant of Good Faith and Fair Dealing

The law implies a covenant of good faith and fair dealing in every contract. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986). The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship. *Id*. Plaintiff must first prove the existence of a valid contract to establish a breach of the implied covenant of good faith and fair dealing.

Misappropriation of Trade Secrets

Under the Arizona Uniform Trade Secrets Act ("UTSA"), a "trade secret" is defined as:

> Information, including a formula, pattern, compilation, program, device, method, technique or process, that both:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

A.R.S. § 44-401(4). Under Arizona law, misappropriation of a trade secret means either:

> (a) Acquisition of a trade secret of another person who knows or has reason to know that the trade secret was acquired by improper means.
>
> (b) Disclosure or use of a trade secret of another without express or implied consent by a person who . . .
>
>> (i) Used improper means to acquire knowledge of the trade secret.

A.R.S. § 44-401(2).

Breach of the Duty of Loyalty

Under Arizona law, "an employee/agent owes his or her employer/principal a fiduciary duty." *McCallister Co. v. Kastella*, 170 Ariz. 455, 457, 825 P.2d 980, 982 (Ariz. App. 1992); Restatement (Third) of Agency § 8.01 (2006). Dotson breached his duty of loyalty by misappropriating Beecher Carlson's trade secrets and confidential and proprietary information.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-4-

**DEFENDANT**:

   A.   Statute of Limitations: Defendant has the burden to establish that part or all of Plaintiff's claims are barred by the applicable statute of limitations. A.R.S. §§ 12-541 and 44-406.

   B.   Laches: Defendant has the burden to establish that (1) Plaintiff unreasonably delayed in asserting its claims, and (2) Defendant suffered resulting prejudice. *Danjag, LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).

   C.   Waiver/Acquiescence: Defendant has the burden to establish that Plaintiff's right to bring suit against Defendant is limited by Plaintiff's affirmative act by word or deed, which conveyed implied consent to Plaintiff. *Seller Agency Council, Inc. v. Kennedy Ctr. For Real Estate Educ., Inc.* 621 F.3d 981, 988-989.

   D.   Estoppel: Defendant has the burden to prove that "the party estopped [Plaintiff], with full knowledge of the facts, must have asserted a particular right inconsistent with the one which he later sets up, to the prejudice of another [Defendant] who has relied on his first conduct. *Avery v. Drane*, 77 Ariz. 328, 333, 271 P.2d 480, 483 (1954).

   E.   Unclear Hands: Defendant has the burden to prove that Plaintiff comes to the court complaining of injury despite the willful misconduct of Plaintiff. *Weiner v. Romley*, 94 Ariz. 40, 43, 381 P.2d 581, 583 (1963).

   F.   Duress: Defendant has the burden to prove that Plaintiff engaged in a wrongful act for and that compelled and/or induced Defendant to enter into the agreement under the influence of fear that precluded Defendant from exercising sound mind and judgment. *Ingalls v. Neidinger*, 216 P.2d 387, 390-91 (Ariz. 1950).

   G.   First Material Breach of Contract: The non-breaching party's obligations under a contract are excused based on the other party's material breach of contract. *Zancanaro v. Cross*, 339 P.2d 746, 750 (Ariz. 1959).

Defendant has also stated various affirmative defenses that are based upon a theory that Plaintiff will fail to meet its burden of proof. And despite Plaintiff having the burden of proof, Defendant is capable of defeating these claims by affirmatively establishing that the

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

various elements cannot be proven, which includes, but is not limited to, the agreement is unenforceable, Defendant did not solicit Plaintiff's customers or otherwise breach any express or implied covenant of the agreement, Plaintiff cannot prove compensatory or punitive damages, Plaintiff's information does not rise to the level of a trade secret, Plaintiff failed to use reasonable efforts to keep this information secret, Defendant did not misappropriate any information that is considered a trade secret, Defendant did not breach any duty of loyalty.

3. **The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion.**

At this point, all factual and legal issues are genuinely in dispute except those expressly admitted in Plaintiff's Complaint or Defendant's Answer. Once both parties have had an opportunity to conduct discovery, they will be in a better position to ascertain whether any factual and legal issues can be narrowed by stipulation or motion.

4. **The jurisdictional basis of the case, citing specific statutes**

The Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

5. **Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance  Unless counsel can otherwise show case, the Proposed Case Management Plan shall be accompanied by a proposed order dismissing any party that has not been served, or appropriate pleadings seeking default judgment against an non-appearing party.**

None.

6. **The names of parties not subject to the court's jurisdiction**

None.

7. **Whether there are dispositive issues to be decided by pretrial motions and hearings including evidentiary hearings pursuant to *Daubert* and/or Fed.R.Evid. 702**

**PLAINTIFF:**

Whether the Agreement is enforceable under Arizona law and whether Defendant breached the Agreement.

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-

**DEFENDANT:**

(1) Whether the Agreement is enforceable under Arizona law; (2) whether Defendant breached the Agreement; and (3) whether Defendant can bring a claim and/or seek punitive damages under A.R.S. § 44-401.

8. **Whether the case is suitable for reference to arbitration, to a master, and/or to a United States Magistrate Judge for all further proceedings**

This matter is not suitable for arbitration, to a master, and/or to a United States Magistrate Judge.

9. **The status of related cases pending before other judges of this court or before other courts**

There are no related cases pending before other judges of this Court or before other courts.

10. **Suggested changes in the timing, form, or requirement for disclosure under Rule 26(a) Fed.R.Civ.P., including a statement of when initial disclosures were made or will be made**

The parties do not suggest any changes.

11. **Suggested changes, if any, on the limitations imposed by Fed.R.Civ.P. 30, 31 and 33**

The parties do not suggest any changes.

12. **The scope of discovery, the date discovery should be completed, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, when dispositive motions will be filed counsel should consider limiting discovery to the issue to be addressed in the motion until the court has ruled on it.**

The parties may seek discovery of any matter, not privileged, that is not otherwise objectionable and which is reasonably calculated to lead to the discovery of admissible evidence. Discovery should not be conducted in phases. Discovery shall be completed by **September 28, 2012**.

13. **The final date for supplementation of discovery, that shall be scheduled two to three weeks after the close of discovery:**

**October 19, 2012.**

14. **The Proposed Deadlines for:**

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-7-

      (a)    Plaintiff shall disclose any experts and their testimony under Rule 26(a)(2) of the Fed.R.Civ.P. on or before **June 8, 2012,** and Defendant shall disclose any experts and their testimony on or before **July 13, 2012**;

      (b)    the filing of procedural motions including motions to amend, consolidate, and join additional parties shall be completed on or before **May 11, 2012**;

      (c)    the filing of one dispositive motion per party shall be completed on or before **November 16, 2012 (Defendant suggests allowing two dispositive motions with the first deadline being earlier)**; and

      (d)    if no dispositive motion is pending, the lodging of the Joint Proposed Pretrial Order shall be completed on or before **November 16, 2012.**

15. **The estimated date the case will be ready for trial, the anticipated length of trial, and any suggestions for shortening the trial**

Assuming no dispositive motion is pending, the parties anticipate the case will be ready for trial on **December 11, 2012**, and will take four days to complete. The parties do not have any suggestions at this time to shorten the length of the trial.

16. **Whether a jury trial has been requested**

Plaintiff requested a jury trial in this matter.

17. **The prospects for settlement, including request for a settlement conference before another United States District Court Judge or Magistrate Judge, or other requests of the court of assistance in settlement efforts**

The parties believe it is too early in litigation to meaningfully discuss settlement at this time. However, the parties may contact the Court for assistance in settling this case at a later date.

18. **In class actions, the proposed dates for class certification proceedings and other class management issues**

This is not a class action case.

19. **Whether any unusual, difficult, or complex problems or issues exist which would require that this case be placed on the complex track for case management purposes**

LITTLER MENDELSON
A Professional Corporation
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

The parties are not aware of any unusual, difficult, or complex problems or issues existing warranting placing this case on the complex track.

20. **The E-mail address of respective counsel or parties**

Plaintiff:   R. Shawn Oller, soller@littler.com; and
Kristy L. Peters, kpeters@littler.com.

Defendant:   Steven M. White, swhite@wbazlaw.com

21. **Any other matters that counsel believe will aid the court in resolving this dispute in a just, speedy, and inexpensive manner**

The parties are not aware of any other matters at this time. However, the parties seek leave to contact the Court should any such matters come to the parties' attention.

DATED this 6th day of March, 2012.

*s/ Steven M. White (with permission)*
Steven M. White
WHITE BERBERIAN
Attorneys for Defendant

*s/ Kristy L. Peters*
R. Shawn Oller
Kristy L. Peters
LITTLER MENDELSON, P.C.
Attorneys for Plaintiff Beecher Carlson Insurance Services, LLC

I certify that the content of this document is acceptable to all persons required to sign the document and that authorization to electronically sign this document has been obtained.

*s/ Kristy L. Peters*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 6th day of March, 2012:

Steven M. White
WHITE BERBERIAN PLC
60 E. Rio Salado Pkwy., Suite 900
Tempe, AZ 85281
Attorneys for Plaintiff

*s/ Bridget Cano*
Firmwide:106754800.2 068305.1002

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600