THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beecher Carlson Insurance Services, LLC, a California limited liability company,<br><br>  Plaintiff,<br><br>v.<br><br>David Dotson and Jane Doe Dotson, husband and wife,<br><br>  Defendants. | Case No. CV. 11-02255-PHX-ROS<br><br>**RULE 16 SCHEDULING ORDER** |

    A.    All proceedings concerning this case shall be in accordance with the Federal Rules of Civil Procedure

    B.    All Initial Disclosures as defined in FRCP 26(a)(1), if not already disclosed prior to the Scheduling Conference, shall be made **no later than five (5) days** after the date of the entry of this Order or in the alternative, no later than **March 23, 2012**.

    C.    To satisfy the requirements of FRCP 26(a)(1), the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>, rather than copies of the actual disclosures.

    D.    Procedural motions including Motions to Amend the Complaint or Answer, and Motions to Join Additional Parties shall be filed no later than **May 11, 2012**.  All Motions to Amend shall attach a copy of the proposed complaint or answer.

    E.    The Plaintiff(s) shall disclose the identity of all persons who may be used at trial to present evidence under Federal Rules of Evidence (FRE) 701, 702, 703, 704, and 705

1  no later than **June 8, 2012**.  The Defendant(s) shall disclose the identity of all persons who
2  may be used at trial to present evidence under FRE 701, 702, 703, 704, or 705 no later than
3  **July 13, 2012**.  No deposition of any expert witness shall occur before the disclosures
4  concerning expert witnesses mandated by this Order have been made.

5  The disclosures of the identities of all person who may be used at trial to present
6  evidence under FRE 701, 702, 703, 704, or 705 shall also include all of the disclosures
7  required by FRCP 26(a)(2)(B) if the witness is either (1) retained or specifically employed to
8  provide expert testimony in the case, or (2) is an agent or employee of the party offering the
9  testimony who duties regularly involve giving expert testimony.[1]

10  F.  All discovery, including answers to interrogatories, production of documents,
11  depositions and requests to admit shall be completed by **September 28, 2012**.

12  G.  The parties shall finally supplement all discovery, including material changes
13  in expert witness opinions and material disclosures, pursuant to FRCP 26(a)(3), of all
14  exhibits to be used and all witnesses to be called at trial, on or before **October 19, 2012**.[2]

15  H.  Discovery by interrogatory shall be governed by the national uniform
16  requirements set forth in FRCP 33.

17  I.  Depositions shall be limited by the national uniform requirements set forth in
18  Rules 30, 31, and 32 of the FRCP.

19  J.  Motions on discovery matters are prohibited.  Should a discovery dispute arise
20  Counsel shall consult and make a sincere effort to resolve the matter(s).  If the parties cannot
21  reach a resolution, they are directly to jointly file and fax, (602) 322-7529, a joint statement
22  of the issue(s), limited to one page per issue.  Upon review of the statement an Order will

---

[1] The parties are on notice that this Order requires disclosure different than that required by FRCP 26(a)(2).

[2] The parties are on notice that this order supercedes the "30 days before trial" disclosure deadline contained in FRCP 26(a)(3).  Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

1  issue regarding further action required by the parties. This procedure differs from the
2  procedure set forth in Local Rule 7.2j).

3  The parties shall also consult the Court's Standing Order concerning discovery
4  disputes to ensure full compliance with the Court's discovery dispute procedures, some of
5  which are not included here. The Standing Order is available on the District of Arizona
6  website:
7  http://www.azd.uscourts.gov/azd/contacts.nsf/125a095259a5393407256ec10063ad7d?Open
8  View

9  This Order contemplates that each party will conduct discovery to permit completion
10 within the deadline. Any discovery which results in insufficient time to undertake necessary
11 additional discovery and which requires an extension of the discovery deadline will be met
12 with disfavor, will only be granted for good cause or only to prevent manifest injustice
13 pursuant to FRCP 16(b) and (e), and may result in denial of an extension, exclusion of
14 evidence, or the imposition of other serious sanctions pursuant to FRCP 37(b),(c),(d).

15 K.   All dispositive motions shall be filed no later than **November 16, 2012**.
16 Unless permitted by Order of the Court, only **one** dispositive motion is allowed to be filed by
17 each party. In this case, the Defendant contends that the agreement or the provisions at issue
18 are unenforceable. Therefore, Defendant believes that two dispositive motions may be
19 appropriate. The preliminary issue of whether the agreement or provisions at issue are
20 enforceable can be decided before extensive discovery takes place.

21 L.   All parties are specifically admonished that pursuant to LRCiv 7.2(i), "[i]f a
22 motion does not conform in all substantial respects with the requirements of this Rule, or **if**
23 **the opposing party does not serve and file the required answering memoranda, or if**
24 **counsel for any party fails to appear at the time and place for oral argument, such**
25 **noncompliance may be deemed a consent to the denial or granting of the motion and**
26 **the Court may dispose of the motion summarily."**

27 M.   The parties shall keep the Court apprized of settlement negotiations and the
28 progress of discovery. A joint letter to the court concerning the status of settlement

1 discussions (containing no specific settlement terms or offers) and the progress of discovery
2 shall be filed by **July 13, 2012**, and initially labeled 'FIRST NOTICE OF DISCOVERY
3 AND SETTLEMENT," and shall be subsequently filed every FOUR (4) months thereafter.
4 If settlement is reached the parties shall file a Notice of Settlement with the Clerk of the
5 Court with a copy to Judge Silver's chambers.

6     N. **A Joint Proposed Pretrial Order, all Motions in Limine, a Joint Statement
7 of the Case, Joint Jury Instructions, Verdict Form and Stipulated *Voir Dire* Questions**
8 to be added to the Court's standard Jury Questionnaire shall be lodged and filed by
9 **November 16, 2012**. If dispositive motions have been filed, the Joint Proposed Pretrial
10 Order and Motions in Limine and other documents shall be due either on the above date or
11 30 days following resolution of the dispositive motions, whichever is later. The content of
12 the Joint Proposed Pretrial Order is that prescribed in the court's form of Joint Proposed
13 Pretrial Order. (See Court's website: www.azd.uscourts.gov under "Judges and
14 Courtrooms/Orders, Forms & Procedures"). Responses to Motions in Limine are due
15 15 days after the Motions are filed, and no Replies are permitted unless specifically ordered
16 by the Court.

17     O. If the case will be tried to the Court, rather than to a jury, in addition to filing a
18 **Joint Proposed Pretrial Order,** each party shall file **Proposed Findings of Fact and
19 Conclusions of Law** on the same date the Joint Proposed Pretrial Order is due.

20     P. The attorneys who will be trying the case for each of the parties shall appear at
21 the **Final Pretrial Conference** that will be scheduled as promptly as possible after the filing
22 of the Joint Proposed Pretrial Order. The attorneys appearing at the conference shall be
23 prepared to address the merits of all issues raised in the Joint Proposed Pretrial Order and
24 fully briefed Motions in Limine. Unless one has already been established, the Court will set
25 a firm trial date at the **Pretrial Conference,** and will sign the **Final Pretrial Order** with any
26 additional instructions for trial preparation.

27
28

Q. Any other final pretrial matters required pursuant to FRCP 26(a)(3) are due in accordance with this Order prior to the preparation and filing of the **Joint Proposed Pretrial Order.**

R. The parties shall file their proposed voir dire questionnaire and questions, statement of the case, jury instructions, and form of verdict in WordPerfect 9.0 format in addition to other written materials filed with the Clerk of the Court.

S. An Interim Rule 16 Status Hearing is scheduled for **October 19, 2012 at 10:30 a.m**. Prior to the Interim Hearing, counsel are to prepare and file a Joint Status Report by **October 12, 2012**.

This Court views compliance with the provisions of this Order as critical to its case management responsibilities and the responsibilities of the parties under FRCP 1.

Dated this 15th day of March, 2012.

_____
Roslyn O. Silver
Chief United States District Judge